UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GREATER ST. LOUIS CONSTRUCTION )
LABORERS WELFARE FUND, an employee )
benefit plan, and BRANDON FLINN, MATT )
ANDREWS, STEVE MACDONALD, GARY ELLIOTT )
RICH MCLAUGHLIN, DONALD WILLEY, )
TERRY BRIGGS, DAVID A. GILLICK, )
BRAD GRANT, MICHAEL LUTZ, COREY )
BLACK and ROBERT BIEG, JR., Trustees of the )
Greater St. Louis Construction Laborers Welfare Fund, )
and CONSTRUCTION LABORERS PENSION )
TRUST OF GREATER ST. LOUIS, an employee )
benefit plan, and, JEFFREY O'CONNELL, RICHARD )
McLAUGHLIN, RONNY GRIFFIN, )
BRANDON FLINN, DONALD WILLEY, GARY )
ELLIOTT, LOU GRASSE, JOSEPH LERITZ, )
DOUG WACHSNICHT, JOE HOETTE, WILLIAM L. )
LUTH and DAVID A. GILLICK, Trustees of the )
Construction Laborers Pension Trust of Greater St. )
Louis, and ST. LOUIS VACATION FUND – )
VACATION PLAN, an employee benefit plan, and )
GARY ELLIOTT, BRANDON FLINN, DONALD )
WILLEY, and MARK MURPHY, Trustees of the )
St. Louis Vacation Fund – Vacation Plan, and )
AGC–EASTERN MISSOURI LABORERS' JOINT )
TRAINING FUND, an employee benefit plan, and )
PATRICK R. PRYOR, DONALD WILLEY, )
PERRI PRYOR, GARY ELLIOTT, RICHARD )
McGUIRE, BRANDON FLINN, )
PHIL HOCHER, MICHAEL LUTH, )
JOE SCARFINO, CLIFF LAND, )
FRANK MARCHESI and JOHN J. SMITH, JR., )
Trustees of the AGC–Eastern Missouri Laborers' )
Joint Training Fund, and LOCAL UNION NOS. )
42-110, LABORERS INTERNATIONAL )
UNION OF NORTH AMERICA, AFL-CIO, )
labor organizations, )
                                                                                    )
        Plaintiffs, )
v. )
                                                                                    )
ZUFALL & SONS, INC., )
                                                                                    )
        Defendant. )

## COMPLAINT

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1. Plaintiff, Greater St. Louis Construction Laborers Welfare Fund, hereinafter referred to as "the Welfare Fund", is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiffs Brandon Flinn, Matt Andrews, Steve MacDonald, Rich McLaughlin, Donald Willey, Gary Elliott, Terry Briggs, David A. Gillick, Brad Grant, Michael Lutz, Corey Black, and Robert Bieg, Jr. and are the duly designated and acting Trustees of the Welfare Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2. Plaintiff Construction Laborers Pension Trust of Greater St. Louis, hereinafter referred to as "the Pension Trust," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiffs Jeffrey O'Connell, Richard McLaughlin, Ronny Griffin, Brandon Flinn, Donald Willey, Gary Elliott, Lou Grasse, Joseph Leritz, Doug Wachsnicht, Joe Hoette, William L. Luth, and David A. Gillick, and are the duly designated and acting Trustees of the Pension Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

3. Plaintiff, St. Louis Vacation Fund – Vacation Plan, hereinafter referred to as "the Vacation Fund," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502

and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiffs Gary Elliott, Brandon Flinn, Donald Willey, and Mark Murphy are the duly designated and acting Trustees of the Vacation Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

4. Plaintiff, AGC - Eastern Missouri Laborers Joint Training Fund, hereinafter referred to as "the Training Fund" is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiffs Patrick R. Pryor, Donald Willey, Perri Pryor, Gary Elliott, Richard McGuire, Brandon Flinn, Phil Hocher, Michael Luth, Joe Scarfino, Cliff Land, Frank Marchesi, and John J. Smith, Jr., are the duly designated and acting Trustees of the Training Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

5. Local Unions Nos. 42 and 110, Laborers International Union of North America, AFL-CIO, hereinafter referred to as "the Union," are labor organizations representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. §185.

5. Defendant Zufall & Sons, Inc. ("defendant") is a Missouri corporation in good standing and is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor

Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7), having an office and place of business within this judicial district.

6. This Court has jurisdiction by reason of Sections 502(a)(3), (ii) and 515 of the Employee Retirement Income Security Act of 1974, as amended, §§1132(a)(3)(ii) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(a), in that Plaintiff Trustees are fiduciaries who seek to enforce the provisions of their employee benefit plans, and the Union is suing for violation of a contract with defendant.

7. At all times material, defendant was bound by the provisions of collective bargaining agreements requiring monthly payments to the Welfare, Pension and Training Funds in specified amounts and the submission of monthly report forms. Said collective bargaining agreements and the plans adopted by the Trustees of the Welfare, Pension and Training Funds also provide that the Trustees shall be permitted to perform a financial examination of defendant's books and records periodically to insure that payments have been properly made in accordance with the terms of the collective bargaining agreement.

8. Defendant is required to pay liquidated damages of twenty percent (20%) on delinquent contributions.

10. Defendant has failed to submit its reports and to pay its contributions for the months of July and August, 2018.

11. In addition, the collective bargaining agreement and the plans adopted by the Trustees of the employee benefit funds provide that the Trustees shall be permitted to perform an examination of defendant's payroll, books, and related records periodically to insure that payments have been properly made in accordance with the terms of the collective bargaining agreement.

12. Despite specific request, defendant failed and refused to produce all documents necessary to conduct a financial examination for the period of February 1, 2015 through September 30, 2018.

13. It is impossible to determine the amount of contributions and liquidated damages owed absent a financial examination for the period of February 1, 2015 through September 30, 2018.

14. Plaintiffs are entitled to recover interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132(g), and pursuant to the terms of the collective bargaining agreement and trust agreements.

**WHEREFORE**, plaintiffs pray the Court as follows:

1. For an interlocutory order of accounting requiring defendant to submit its payroll, books and related records to an accountant selected by plaintiffs to determine the amounts owed to plaintiffs during the period of February 1, 2015 through September 30, 2018;

2. For a judgment against defendant based upon the findings of the accounting;

3. For an order requiring defendant to submit its payments for July and August, 2019, with the applicable liquidated damages, and to make payments in the future to the employee benefit funds in accordance with the terms and provisions of the collective bargaining agreement, and such collective bargaining agreements as may be negotiated and executed in the future;

4. For interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g);

5. For such other and further relief as the Court may consider appropriate under the circumstances.

      Respectfully submitted,

HAMMOND AND SHINNERS, P.C.
7730 Carondelet, Suite 200
St. Louis, Missouri  63l05
(314) 727-1015 (Phone)
(314) 727-6804 (Fax)
jmartin@hammondshinners.com

/s/ Janine M. Martin
JANINE M. MARTIN, #55240
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was electronically filed with the Clerk of the Court on October 18, 2018, and copies were mailed, by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 19th and Pennsylvania Avenue, Washington, D.C. 20220.

/s/ Janine M. Martin